UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-22046-CIV-HUCK/O'SULLIVAN

CURTIS JAMES JACKSON,
p/k/a 50 CENT,

     Plaintiff,
vs.

GRUPO INDUSTRIAL HOTELERO, S.A.,
a Mexican Corporation d/b/a "COCO
BONGO" nightclub, ROBERT NOBLE,
SR., and ISAAC HALABE,

     Defendants.
_____/

## ORDER ON PLAINTIFF'S REQUEST FOR LOADSTAR ENHANCEMENT

This matter came before the Court for oral argument on December 11, 2009 to determine whether Plaintiff is entitled to an enhancement of his attorney's fees above the loadstar formula. After a non-jury trial in March 2009, the Court held Defendants jointly and severally liable for $225,000 for patent infringement and unauthorized use of Plaintiff's likeness, $2,665.07 as a disgorgement of profits earned as a result of their infringement, and found that Plaintiff was entitled to reasonable attorney's fees under 15 U.S.C. § 1117(a). *See* D.E. 220, at 22-23. The Court referred Plaintiff's subsequent motion for fees and costs to Magistrate Judge John O'Sullivan. Plaintiff argues that his attorneys are entitled to an enhancement of 20% above the loadstar formula because of their contingent fee arrangement and the comparative discount of their rates compared with those charged by attorneys in the New York and Los Angeles legal markets where, the Court is informed, trademark infringement cases such as this one are typically brought.

After reviewing Plaintiff's motion, the response and reply, the affidavits submitted by the respective parties, and the with the benefit of oral argument, the Court finds, based on the teaching of *Norman v. Housing Authority of Montomery*, 836 F.2d 1292 (11th Cir. 1988), that Plaintiff is not entitled to a loadstar enhancement. The results obtained by Plaintiff's counsel were not exceptional. The Court awarded what it deemed to be fair, reasonable damages. Plaintiff obtained less relief than he initially sought and the outcome of the litigation was "not unexpected in the context of extent

substantive law." *Id.* at 1302. Moreover, Plaintiff apparently believe the results were not exceptional because he has appealed the award of damages as too low. Nor is Plaintiff entitled to an enhancement because of his contingent fee arrangement. Such arrangement was not "necessary to assure the availability of counsel" because Plaintiff is a well-to-do, world famous celebrity who would not have had trouble obtaining counsel without a contingent fee arrangement. *Id.* Accordingly, Judge O'Sullivan will determine the amount of reasonable attorney's fees without the enhancement sought by Plaintiff.

DONE AND ORDERED in Chambers, Miami, Florida, December 14, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record
Magistrate Judge John O'Sullivan