UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22046-CIV-HUCK/O'SULLIVAN

CURTIS JAMES JACKSON, p/k/a
50 Cent

       Plaintiff,

v.

GRUPO INDUSTRIAL HOTELERO, S.A.,
a Mexican corporation d/b/a "Coco Bongo"
nightclub, ROBERTO NOBLE, SR., and
ISAAC HALABE,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Verified Motion for Attorney's Fees and Costs (DE # 239, 07/20/09) and the Bill of Costs (DE # 242, 7/20/09).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul Huck, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b).  Having carefully considered the pertinent filings, the record and the applicable law, the undersigned recommends that the Plaintiff's Verified Motion for Attorney's Fees and Costs (DE # 239, 07/20/09) be **GRANTED IN PART** and **DENIED IN PART** in accordance with the following Report and Recommendation and that the Bill of Costs (DE # 242, 7/20/09) be **GRANTED IN PART AND DENIED IN PART** in accordance with the following Report and Recommendation.

## BACKGROUND

On August 9, 2007, the plaintiff filed the Complaint in this matter for damages and injunctive relief (DE # 1, 8/9/07). This case involved an action for damages pursuant to the Lanham Act; Florida Statues § 540.08; and common law unfair competition and trademark infringement. On January 29, 2009, the undersigned issued an Order, upon the parties stipulation, that struck the defendants' pleadings as to liability (DE # 138, 1/29/09). The District Court held a non-jury trial in this matter on March 2, 3, and 20, 2009. On April 29, 2009, the District Court issued the Findings of Fact and Conclusions of Law (DE # 220, 4/29/09). Final Judgment was entered in favor of the plaintiff. The defendants, Grupo Industrial Hotelero, S.A., Roberto Noble, Sr., and Isaac Halabe were held jointly and severally liable to the plaintiff in the amount of $225,000.00 as a reasonable royalty/license fee for the infringing use of the plaintiff's likeness and the use of the plaintiff's G-Unit trademark. The defendants, Grupo Industrial Hotelero, S.A., and Roberto Noble, Sr., were held jointly and severally liable to the plaintiff in the amount of $2,665.07 because of the profits earned from the infringing use of the plaintiff's G-Unit trademark. Also, the defendants, Grupo Industrial Hotelero, S.A., Roberto Noble, Sr., and Isaac Halabe were held jointly and severally liable to the plaintiff for payment of the plaintiff's reasonable attorney's fees. In the Findings of Fact and Conclusions of Law, the Court retained jurisdiction over the instant action in order to determine the reasonable amount of attorney's fees. (See, Finding of Fact and Conclusions of Law, DE # 220, 4/29/09, pp. 22-23.) The District Court opined the following:

> Given this intentional infringement without regard for the rights of Plaintiff, the Court finds it appropriate to award attorney's fees to Plaintiff, who would not have incurred the legal fees in bringing this suit to protect his property rights were it not for the wilful conduct of Defendants. Accordingly, considering the facts of this case, the Court determines that an award of attorney's fees pursuant to the Lanham Act is warranted.

(DE # 220, at p. 23). The plaintiff filed the Plaintiff's Verified Motion for Attorney's Fees and Costs on July 20, 2009 (DE # 239, 07/20/09) and the Bill of Costs on July 20, 2009 (DE # 242, 7/20/09). The defendants filed the Response to Plaintiff's Verified Motion for Attorney's Fees and Costs on August 24, 2009, (DE # 257) and the Defendants' Opposition to Plaintiff's Motion for Bill of Costs on July 27, 2009 (DE # 245). The plaintiff filed the Plaintiff's Reply in Support of Verified Motion for Attorneys' Fees and Costs on September 3, 2009, (DE # 258) and the Plaintiff's Verified Reply in Support of Bill of Costs on September 4, 2009 (DE # 259). On October 28, 2009, the plaintiff filed the Plaintiff's Notice of Correction of Reply in Support of Verified Motion for Attorney's Fees and Costs (DE # 271, 10/28/09). On December 11, 2009, Judge Huck held a hearing in this matter on the plaintiff's entitlement to a lodestar enhancement of 20% above the lodestar formula. On December 14, 2009, Judge Huck entered an Order finding that the plaintiff is not entitled to a lodestar enhancement. On December 15, 2009, the plaintiff filed the Plaintiff's Motion for Rehearing as to Order on Plaintiff's Request for Lodestar Enhancement (DE # 278, 12/15/09). On December 16, 2009, Judge Huck denied the Plaintiff's Motion for Rehearing as to Order on Plaintiff's Request for Lodestar Enhancement (DE # 279, 12/16/09).

3

## ANALYSIS

### I. Entitlement to Fees and Costs

In the Findings of Fact and Conclusions of Law, the District Court determined that the plaintiff is entitled to attorney's fees in this matter. Accordingly, the undersigned need not address entitlement to fees in this Report and Recommendation.

### II. Attorney's Fees

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

#### 1. Reasonable Hourly Rate

A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). To determine the prevailing market rates the Court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing *Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)), *aff'd*, 109 F.3d 771 (11th Cir. 1997) (Table).

Here, plaintiff's counsel requests a fee award of $412,423.50 for a total of 1,143.40 hours. The plaintiff requests 545.80 hours for Karen Stetson at $400.00 per hour (totaling $218,320.00), 18.00 hours for Karen Stetson at $390.00 per hour (totaling $7,020.00), 595.50 hours for Jonathan Gaines at $300.00 per hour (totaling $178,650.00), 4.20 hours at $500.00 per hour for William Pearson (totaling $2,100.00), and 23.90 hours at $265.00 per hour for Meredith Frank (totaling $6,333.50). The plaintiff submitted an affidavit from James Gale, an intellectual property attorney, in support of the reasonableness of the fees sought in this matter (DE # 240, 7/20/09). The plaintiff also submitted an affidavit by his lead attorney, Karen Stetson, in support of the plaintiff"s Motion for Attorney's Fees and Costs (DE # 241, 7/20/09).

Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. However, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. *Id*. at 1303.

The defendants contend that Ms. Stetson has not offered any evidence to the Court regarding her billing rates charged and paid in similar lawsuits, and that Ms. Stetson has only offered a putative expert declaration of James Gale. The defendants opine that Mr. Gale's declaration should be offered little or no weight, because Mr. Gale failed to provide any testimony that he has experience in trademark litigation in foreign countries similar to this case. Moreover, the defendants contend that Mr. Gale failed to

5

indicate what the prevailing market rate is for comparable attorneys in this market, the defendants say that Mr. Gale only indicated that the rates charged by Ms. Stetson and Mr. Gaines are below market rate. The defendants argue that the prevailing market rate for similar attorneys in similar cases is between $200.00 and $375.00 per hour.

Having considered and weighed the filings, the affidavits, the documentary evidence, counsels' reputation and experience and the Court's familiarity with litigation and attorney's fees in general, the undersigned finds that the hourly rates requested for all of the plaintiff's attorneys are reasonable and appropriate for intellectual property cases, except for the hourly rate requested by the plaintiff for William Pearson. While the undersigned recognizes that Mr. Pearson is a very skilled attorney, the undersigned finds that an hourly rate of $400.00 is more appropriate for Mr. Pearson.

### 2. Hours Reasonably Expended

The Court must next evaluate the reasonableness of the total hours expended by plaintiff's counsel. The plaintiff requests reimbursement for a total of 1143.40 hours. The plaintiff has supported its fee request by submitting itemized invoices containing the date each task was performed, a description of the task and the amount of time spent. (DE # 239, 7/20/09). The plaintiff also submitted an affidavit of an expert (DE # 240, 7/20/09) as well as an affidavit by lead counsel, Karen Stetson (DE # 241, 7/20/09).

The Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988). An attorney seeking to recover fees must keep accurate and current records of work

6

done and time spent on a case. See Hensley v. Eckerhart, 461 U.S. 424, 437 & n.12, 103 S. Ct. 1933, 1941 & n.12 (1983). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney", National Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982), and which identify the subject matter of each time expenditure. See Hensley, 461 U.S. at 437 & n.12, 103 S. Ct. at 1941 & n.12. If there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary", the Court may reduce the number of hours for which fees will be awarded. Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); see also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) ("[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested.").

     The defendants argue that much of the time billed by the plaintiff's attorneys is redundant and excessive. The defendants point out, for example, that with respect to the plaintiff's response to the defendants' Motion for Summary Judgment, it took Ms. Stetson and Mr. Gaines 73.60 hours to review and respond to the defendants' 19 page Motion for Summary Judgment. (The undersigned notes that the body of the defendants' response to the plaintiff's Motion for Attorney's Fees indicates that Ms. Stetson and Mr. Gaines spent 73.60 hours to review and respond, but the attachment to the response indicates that it took the attorneys 76.90 hours to review and respond. The undersigned further notes that the defendants indicate the Motion for Summary Judgment is a 20 page document, but it is actually 19 pages.) The undersigned has

reviewed the billing records submitted by the plaintiff and has found 64 hours were expended by plaintiff's counsel on the response to the Motion for Summary Judgment. Another example of excessive time noted by the defendants is that it took Ms. Stetson and Mr. Gaines 73.7 hours to prepare a pre-trial stipulation and jury instructions in this case, a case in which the defendants' pleadings had been stricken, establishing liability. The undersigned's review of the billing records submitted by the plaintiff reveals less time spent on the pre-trial stipulation and the jury instructions, the undersigned still finds, however, that the plaintiff's attorneys spent over 60 hours on these tasks. Finally, a third example of the excessive time spent by the plaintiff's attorneys noted by the defendants is that Ms. Stetson and Mr. Gaines claim over 190 hours collectively for a bench trial in which liability had already been determined. In the attachment (DE # 257-1) to the defendants Response to the Plaintiff's Motion for Attorney's Fees (DE # 257-1), the defendants note that Ms. Stetson claimed 80.0 hours for day one and two of trial, Mr. Gaines claimed 73.9 hours for day one and two of trial, and Mr. Gaines claimed 25.2 hours for day three of trial. The undersigned, however, finds that the defendant's assertion of the number of hours listed in the aforementioned attachment is misleading. A review of the billing records submitted by the plaintiff in support of his Motion for Attorney's Fees reveals that Ms. Stetson billed 8.10 hours and Mr. Gaines billed 12.30 hours on March 2, 2009, the first day of trial, Ms. Stetson billed 4.70 hours and Mr. Gaines billed 8.50 hours on March 3, 2009, day two of the trial. The billing records further reveal that Ms. Stetson billed 6.00 hours and Mr. Gaines billed 5.50 hours on March 20, 2009, the third day of trial. While the two attorneys may

have spent a significant amount of time preparing for the trial, they did not attempt to bill more than 24 hours a day, as the defendants' attachment can lead one to believe.

The undersigned notes that the Eleventh Circuit has recognized that there is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each attorney. Norman, 836 F.2d 1292, 1302, citing Johnson v. University College of University of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). The undersigned, notes, however, that here, there are many hours listed in Exhibit A to the defendants' response for which the plaintiff does not refute the large amount of time spent. The undersigned finds excessive time was spent on many tasks. Moreover, here, it is not clear that each attorney had a distinct contribution on certain duplicative tasks.

Upon independent review of the billing records that the plaintiff submitted to this Court, the undersigned finds that the time entries were contemporaneous, complete, standardized, and accurately reflect the work done by the plaintiff's counsel. The undersigned finds, however, that in many instances, excessive time was billed by one or more attorneys for certain tasks or the tasks should have been completed in less time. Accordingly, an overall 25% reduction of the requested fee amount is warranted.

After the reduction of Mr. Pearson's hourly rate from $500.00 per hour to $400.00 per hour for the 4.20 hours he worked on the case, the requested amount of attorneys fees would be $420.00 less, for a total of $412,003.50. The undersigned recommends a 25% reduction of the $412,003.50, resulting in a recommended fee

9

award of $309,002.62.

**III. Costs**

Pursuant to the Lanham Act, the Court has discretion to award the plaintiff costs "subject to the principles of equity." 15 U.S.C. § 1117(a); Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1205 (11th Cir. 2001). Rule 54(d)(1) of the Federal Rules of Civil Procedure also expressly authorizes "costs other than attorneys' fees. . . . [to be] allowed as of course to the prevailing party unless the court otherwise directs." *Id.* For purposes of Rule 54(d), "'[u]sually the litigant in whose favor judgment is rendered is the prevailing party . . . .'" Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (quoting United States v. Mitchell, 580 F.2d 789, 793-94 (5th Cir.1978)). The plaintiff prevailed in the case at bar and, therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920.

In the exercise of sound discretion, the Court has great latitude to ascertain which costs are taxable. See EEOC v. W&O, Inc., 213 F.3d 600, 619-20 (11th Cir. 2000). However, because 15 U.S.C. § 1117(a) does not specify which costs are recoverable, the Court is "bound by the limitations set out in 28 U.S.C. §§ 1821 and 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987); see also W&O, Inc., 213 F.3d at 620.

A judge or clerk of any of the United states may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

10

> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;  (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title

28 U.S.C. § 1920.  In the Response to the Bill of Costs, the defendant argues that the plaintiff requested costs are not supported by the appropriate documentation.  The defendants are mistaken.  There are two exhibits consisting of 46 pages of documents and invoices attached to the Bill of Costs.  The plaintiff's request for costs is adequately supported by documentation.  The requests for costs associated with fees for service of summons and subpoenas, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, fees for compensation of interpreters and costs of special interpretation services under 29 U.S.C. 1828, and for other costs which appear to be for teleconferences, are supported by invoices attached to the Bill of Costs.  The request for costs associated with the Fees of the Clerk is supported by the Docket Sheet which indicates that a filing fee of $350.00.  Accordingly, in accordance with § 1920, the undersigned recommends that the Court award the plaintiff costs as outlined below.

1.  **Fees of the Clerk**

The plaintiff seeks reimbursement in the amount of $350.00 in filing fees. "[F]ees of the clerk and marshal" are recoverable under 28 U.S.C. § 1920(1). The undersigned therefore recommends that the Court award the plaintiff ***$350.00*** for expenses associated with fees of the clerk.

2.  **Fees for Service of Summons and Subpoenas**

The plaintiff further requests fees for the service of summons and subpoenas in the amount of $3,625.00. Such "[p]rivate process server fees may be taxed."[1] W&O, 213 F. 3d at 623. The defendants argue that "[t]his Court has recognized summons and subpoenas as items that categorically belong under 'Fees of the Clerk and Marshal', and not fees that should be analyzed separately and independently." (Defendants' Opposition to Plaintiff's Motion for Bill of Costs, p. 4). The defendants cite to Blue Water Marine Servs., Inc. v. M/Y Natalita III, No. 08-20739-Civ, 2009 WL 1911719, at #9 (S.D. Fla July 1, 2009). In the Blue Water Marine case, however, under the movant's request for "fees for the clerk and marshal", the movant did not request reimbursement for the fees of the Clerk, the movant asked only for process server fees. Simply because process server fees were awarded under the heading "Fees of the Clerk and Marshal" does not preclude the plaintiff from requesting process server fees under a separate heading. The AO form 133, the Bill of Costs form (revised 11/08), submitted by the plaintiff in this case separates the "Fees of the Clerk" from the "Fees

---

[1] The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

12

for service of summons and subpoenas". As noted above, private process server fees may be taxed. Accordingly, these costs are recoverable under 28 U.S.C. § 1920. The undersigned recommends that the plaintiff recover the costs associated with the fees for the service of summons and subpoenas, subject to the reductions outlined below.

The undersigned finds that amount requested by the plaintiff for the service of foreign subpoenas is reasonable and should be permitted. The plaintiff requests reimbursement for the "rush" delivery of subpoenas outside of South Florida. The plaintiff is not entitled to "rush" fees for the service of subpoenas. The amount requested for the service of domestic subpoenas should be limited to $55.00 per subpoena, as this is the amount permitted for service by the United States Marshals Service, under 28 C.F.R. § 0.114 (a)(3) which provides, in pertinent part:

> (a) The United States Marshals Service shall routinely collect fees according to the following schedule:
>
> *********
>
> (3) For process served or executed personally–$55 per hour (or portion thereof) for each item served by one U.S. Marshall Service employee, agent or contractor. . .

28 C.F.R. § 0.114 (a)(3). The plaintiff requests a total of $140.00 for the January 6, 2009, service of a subpoena in Broward County ($40.00), for the January 6, 2009, service of a subpoena in Tallahassee/Rush ($85.00), and a $15.00 witness fee. The undersigned finds that the $85.00 fee should be reduced by $30.00 to $55.00. The plaintiff requests a total of $110.00 for the January 9, 2009, service of a subpoena in Tallahassee/Rush ($95.00), and $15.00 for an insurance commission check. The

undersigned finds that the $95.00 fee should be reduced by $40.00 to $55.00. There is no explanation for the $15.00 insurance commission check and it should be disallowed. The plaintiff requests $150.00 for the January 20, 2009, service of a subpoena in New York/Rush. The undersigned finds that the $150.00 fee should be reduced by $95.00 to $55.00. The plaintiff requests $75.00 for another January 20, 2009, service of a subpoena in New York/Rush. The undersigned finds that the $75.00 fee should be reduced by $20.00 to $55.00. The plaintiff requests $75.00 for the January 20, 2009, service of a subpoena in California/Rush. The undersigned finds that the $75.00 fee should be reduced by $20.00 to $55.00. The plaintiff requests $150.00 for another January 20, 2009, service of a subpoena in California/Rush. The undersigned finds that the $150.00 fee should be reduced by $95.00 to $55.00. Finally, the plaintiff requests $265.00 for the January 27, 2009, service of a subpoena in New York/Super Rush. The undersigned finds that the $265.00 fee should be reduced by $210.00 to $55.00. Accordingly, the undersigned finds that the plaintiff's request for costs associated with the fees for the service of summons and subpoenas should be reduced by $525.00, and the plaintiff should recover **$3,100.00** in fees for the service of summons and subpoenas.

3.      **Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**

The plaintiff requests reimbursement in the amount of $8,254.47 for costs associated with fees for printed or electronically recorded transcripts necessarily obtained for use in the case. The defendants argue that the plaintiff did not provide

any documentation to support this request. As noted earlier in this Report and Recommendation, the defendant is incorrect, the plaintiff did provide supporting documentation. The undersigned finds that the fees associated with these requested fees for printed or electronically recorded transcripts were necessarily obtained for use in the case and the plaintiff is entitled to recover these costs. ASCII disks and condensed transcripts are surplus and are not covered as deposition fees under 28 U.S.C. § 1920(2) . The undersigned finds that the plaintiff is entitled to recover court reporter fees for which costs are requested that were necessarily obtained for use in the case except for the extras as noted above. See W&O, 213 F. 3d at 620. Accordingly, a reduction is warranted.

The plaintiff requests $695.40 for the transcript of Curtis Jackson. This request includes a condensed transcript at $15.00 and an ASCII disc-CD ROM at $15.00. These costs are not allowed and this request should be reduced by $30.00.

Accordingly, the plaintiff's request for costs under this category should be reduced by $30.00 and the plaintiff should be awarded ***$8,224.47*** for the costs for printed or electronically recorded transcripts necessarily obtained for use in the case.

4. **Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case**

In the initial Bill of Costs, the plaintiff requested $3,202.56 for those costs associated with fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. In the reply, the plaintiff agreed to reduce the requested amount to $1,065.00 (5,325 pages at 20 cents per

15

page).[2]  The defendants argue that the plaintiff made no showing that the copies were necessarily obtained for use in the case.  The undersigned disagrees with the defendants and finds that the fees associated with the reduced requested fees for exemplification and the costs of making copies of any materials were necessarily obtained for use in the case and the plaintiff is entitled to recover these costs.  The requested 20 cents per page is excessive and should be reduced to 15 cents per page for a total of $798.75 (5,325 pages at 15 cents per page).  The plaintiff should recover ***$798.75*** in costs associated with fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

5.      **Compensation of interpreters, and costs of special interpretation services under 28 U.S.C. § 1828**

The plaintiff requests reimbursement in the amount of $5,801.17 for costs associated with the compensation of interpreters, and costs of special interpretation services under 28 U.S.C. § 1828.  The defendants argue that the plaintiff failed to attach any supporting documentation to the Bill of Costs demonstrating the reason for the amounts requested.  As noted above, the defendants' assertion is incorrect, the plaintiff did provide supporting documentation.  The undersigned finds that the fees

---

[2]The undersigned notes that in addition to the photocopy invoices attached to the Bill of Costs that totaled $2,893.60, the plaintiff also submitted a receipt from Trial Graphix in the amount of $308.96 for digital video editing, DVD creation, DVD duplication, and delivery.  The $2,893.60 plus the $308.96 equals the $3202.56 requested in the original Bill of Costs.  As noted in the body of the Report and Recommendation, the plaintiff agreed to reduce the total $3,202.56 request to $1065.00 based upon the copying of 5325 pages at a rate of 20 cents per page.  Also as noted above, the undersigned finds that a rate of 15 cents per page is more appropriate for the 5325 pages.

associated with these fees for the compensation of interpreters, and costs of special interpretation services under 28 U.S.C. § 1828 were necessarily obtained for use in the case and the plaintiff is entitled to recover these costs. The plaintiff should recover ***$5,801.17*** in fees for the compensation of interpreters, and costs of special interpretation services under 28 U.S.C. § 1828.

**6.     Other Costs**

The plaintiff requests $287.56 in "other costs". Based on the invoices attached to the Bill of Costs, these "other costs" appear to be for telephone conferences. "Other costs" are supposed to be itemized on the Bill of Costs. There is no itemization of the "other costs". As noted above, the Court is "bound by the limitations set out in 28 U.S.C. §§ 1821 and 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987); see also W&O, Inc., 213 F.3d at 620. Costs for telephonic conferences are not specifically authorized by the costs statute. The undersigned finds that these costs should not be awarded to the plaintiff. The undersigned recommends that the plaintiff receive no reimbursement for the "other costs" requested in the Bill of Costs.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Plaintiff's Verified Motion for Attorney's Fees and Costs (DE # 239, 07/20/09) be **GRANTED IN PART** and **DENIED IN PART**, that the Bill of Costs (DE # 242, 7/20/09) be **GRANTED IN PART** and **DENIED IN PART**, and that the Court issue an Order awarding attorney's fees in the amount of ***$309,002.62*** and costs in the amount of ***$18,274.39***.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F. 2d 745 (11th Cir.1988), *cert. denied,* 488 U.S. 958 (1988); *see also RTC v. Hallmark Builders, Inc.*, 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 21st day of January, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
All Counsel of Record